IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CLAUDIUS and DAYNELLE BANKS, | Case No. 3:16-cv-02129-AA |
| Plaintiffs, | ORDER |
| v. | |
| OFFICER CHRISTIAN BERGE and THE CITY OF PORTLAND, | |
| Defendants. | |

AIKEN, Judge:

Plaintiffs Claudius Banks and Daynelle Banks filed this action against defendants Officer Christian Berge ("Officer Berge") and the City of Portland ("the City"). Plaintiffs allege that Officer Berge and the City violated their constitutional rights and state law in connection with a traffic stop. Defendants move to dismiss for failure to comply with federal pleading rules and failure to state a claim. In the alternative, defendants move for a more definite statement. For the reasons set forth below, defendants' motion to dismiss is denied but their alternative motion for a more definite statement is granted.

In response to defendants' motion, plaintiffs submitted a Proposed Second Amended Complaint. *See* Pls.' Resp. Defs.' Mot. Dismiss 5–9 (doc. 15). Defendants concede that the Proposed Second Amended Complaint addresses some of their concerns. However, they contend that the Proposed Second Amended Complaint still falls short of what is required by Federal Rule of Civil Procedure 8, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

The Proposed Second Amended Complaint states a claim against Officer Berge for a violation of the Fourth Amendment. Specifically, plaintiffs allege that Officer Berge lacked probable cause to stop plaintiffs' vehicle, detain plaintiffs, or search the vehicle, Proposed Second Am. Compl. ¶ 2; that the stop, detention, and search were motivated by racial animus, *id.* ¶ 3, as evidenced by Officer Berge's order that Mr. Banks get his "black ass" out of the car, *id.* ¶ 9; and that Officer Berge deliberately broke plaintiffs' ignition key, disabling the vehicle, *id.* ¶ 12. The Proposed Second Amended Complaint also states a claim against the City for trespass to chattels in connection with the broken key and disabled vehicle. These claims are pleaded with the adequacy and specificity required by Rule 8, *Iqbal*, and *Twombly*.

Defendants also argue for dismissal on the ground that the Proposed Second Amended Complaint does not comply with Federal Rules of Civil Procedure 8 and 10. I conclude that the

Proposed Second Amended Complaint violates neither Rule 8 nor Rule 10. Rule 8 requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Here, plaintiffs assert a constitutional claim through section 1983, a federal statute. That assertion provides an obvious basis for jurisdiction because it raises a federal question. *See* 28 U.S.C. § 1331. Rule 8 does not require anything more. *See* Fed. R. Civ. P. 8(d)(1) ("No technical form is required."); *cf. Sunday's Child, LLC v. Irongate AZREP BW LLC*, 2017 WL 561338, at *4 n.3 (D. Haw. Feb. 10, 2017) (collecting cases in support of the rule that Rule 8 does not require any "magic words" to permit a plaintiff to plead alternative theories of a case). Rule 10 requires a pleading to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Proposed Second Amended Complaint uses numbered paragraphs. Defendants' motion to dismiss is denied.

Defendants' motion for a more definite statement, however, is granted. A party may move for a more definite statement if the pleading to which the party must respond "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are "viewed with disfavor" and "rarely granted" because they "attack the intelligibility of the complaint, not the lack of detail[.]" *Holdner v. Coba*, 2010 WL 678112, at *1 (D. Or. Feb. 25, 2010) (citations and quotation marks omitted). "[T]he proper test is to determine whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Id.* (citations and quotation marks omitted).

Two ambiguities justify granting the motion for a more definite statement. First, it is unclear why plaintiffs cite the Fourteenth Amendment in their complaint. It is possible that the plaintiffs intend the Fourth Amendment claim to be their sole constitutional claim, and that they

Page 3 – ORDER

cite the Fourteenth Amendment only because it is the vehicle by which the Fourth Amendment is applied to the states. However, because plaintiffs allege race discrimination, it is also possible that plaintiffs intend to assert a Fourteenth Amendment claim that is independent of their Fourth Amendment claim. Second, the first paragraph of the Proposed Second Amended Complaint mentions false arrest, but there is no indication which facts support that claim or against which defendant(s) that claim is asserted. These ambiguities prevent defendants from formulating a completely responsive pleading.

Plaintiffs are granted leave to amend their complaint. Within fourteen days of this order, plaintiffs shall file a revised version of the Proposed Second Amended Complaint that addresses the ambiguities described above.

IT IS SO ORDERED.

Dated this 17 day of April 2017.

Ann Aiken
United States District Judge