IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CLAUDIUS BANKS and
DAYNELLE BANKS,

        Plaintiffs,

vs.

CHRISTIAN BERGE and
CITY OF PORTLAND,

        Defendants.

Case No. 3:16-cv-02129-AA

**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiffs Claudius and Daynelle Banks assert civil rights claims against Christian Berge, a former Portland police officer, and tort claims against the City of Portland arising out of a traffic stop. Defendants have moved *in limine* for an order excluding any evidence that Berge pleaded guilty to and was convicted of first-degree official misconduct in violation of ORS 162.415(1) in December 2017. Because of the close relationship between Berge's conviction and resignation, defendants also seek an order excluding evidence of the reasons for Berge's resignation. For the reasons below, Defendants' motions (docs. 78, 81) are granted in part and denied in part.

# BACKGROUND

I. *The Stop and Evidence Offered To-Date*

On March 21, 2015, at around 2:00 am, the Banks were stopped by Berge while they drove down NE Ainsworth Street in Portland on their way to Popeyes. They pulled over into the Popeyes parking lot. Less than ten minutes later, Berge left the scene without arresting plaintiffs or citing them for a traffic violation. Plaintiffs' key had broken off in the ignition, which rendered the car inoperable, so plaintiffs took a taxi home. During the night, the car was towed.

According to plaintiffs, Claudius Banks had returned from a long day of work at FedEx when they decided to drive to Popeyes. While driving, Claudius did not violate any traffic laws. Neither plaintiff was intoxicated at the time, nor had they consumed alcohol for at least twelve hours before the stop. Plaintiffs allege that Berge did not ask if they had been drinking or otherwise state that he had observed them violating traffic laws, but instead exited his vehicle and commanded plaintiffs to "Get your black ass out of the car." They also allege that Berge searched plaintiffs' car, including inside the glove box. Finally, plaintiffs allege that Berge jerked and twisted the key at least three times until it broke off in the ignition.

According to Berge, he was driving behind the Banks' car when he observed it drift into the oncoming lane of traffic twice. He believed the driver had committed two traffic violations: (1) failure to drive within a lane and (2) unlawful or unsignaled lane change. He could see that the car had two occupants but could not tell their race or gender. When he approached the driver's side window, both plaintiffs appeared

visibly intoxicated. Berge did not perform field sobriety tests on either plaintiff or otherwise perform a DUII investigation. Berge denies using racially charged language to order plaintiffs out of the car. He also denies searching the car, but admits that he briefly entered the car to roll up the windows and secure the car. Berge also asserts he accidentally broke the key while securing the car.

The parties have not provided accounts from any other eyewitnesses and Berge did not prepare a police report in connection with the stop. Instead, the conflicting testimony presents a classic credibility contest, where one of the critical issues in the upcoming trial will be the credibility of the witnesses, which is for the jury to determine.

II. *Berge's Conviction*

In December 2017, Berge was charged with first-degree official misconduct, ORS 162.415(1). ORS 162.415(1) provides, in part, that "[a] public servant commits the crime of official misconduct in the first degree if" the public servant "knowingly performs an act constituting an unauthorized exercise in official duties" with "intent to obtain a benefit or to harm another[.]" ORS 162.415(1)(a). Berge was charged with

> on or between August 12, 2015 and May 3, 2017, . . . being a public servant, to-wit: a police officer employed by the Portland Police Bureau, [who] did unlawfully and knowingly perform an act, which act constituted an unauthorized exercise of his official duties, with intent to obtain a benefit[.]

Coit Decl. Ex. 1, Doc. 79-1. On December 14, 2017, Berge pleaded guilty and in his plea petition, admitted that

Page 3 – OPINION AND ORDER

>between August 12, 2015, and May 3, 2017, [he] engaged in conduct on duty as a police officer which was an unauthorized exercise of [his] official duty, with an intent to obtain a benefit.

Coit Decl. Ex. 2 at 2, Doc. 79-2 at 2. On the same day, Berge was sentenced to 18 months of bench probation and, as a condition of probation, was ordered to resign from the Portland Police Bureau, which he did later that day. Coit Decl. Ex 3 at 1, Doc. 79-3 at 1.

III. *Defendants' Motions*

Defendants the City and Berge move the Court to exclude evidence of Berge's first-degree official misconduct conviction and to exclude evidence of the reasons for his resignation from the Police Bureau.

Defendants argue that Berge's conviction is not admissible for impeachment purposes under Federal Rule of Evidence 609(a)(2), which permits a party to "attack[] a witness's character for truthfulness by evidence of a criminal conviction" if "the court can readily determine that establishing the elements of the crime [of conviction] required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a). Defendants contend that first-degree official misconduct does not, by definition, involve an element of dishonesty or false statement. Defendants also contend that the conviction is not relevant for any purpose other than to attack Berge's character for truthfulness and that, even if it was, the conviction would not be admissible under Rule 403. Finally, defendants urge the Court to exclude evidence of the reasons for Berge's resignation for the same reasons, arguing that the resignation is inextricably intertwined with Berge's conviction.

Plaintiffs respond that Berge's conviction is admissible under Rule 609(a)(2) because first-degree official misconduct is, by definition, a crime of dishonesty. They also assert that it would be premature for the Court to rule on the conviction's admissibility for other purposes at this time. However, at oral argument, plaintiffs did concede that, without the context of the testimony at trial, they did not have another purpose for which to admit evidence of the conviction. Plaintiffs also conceded that, if the court rules that the conviction is not admissible under Rule 609, then evidence of the reasons behind Berge's resignation would also not be admissible.

## STANDARDS

Generally, evidence of a "a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion, the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Evidence of a person's character for truthfulness or untruthfulness is, however, admissible to attack a witness's credibility. Fed. R. Evid. 608(a). And the court may allow a party to impeach a witness by eliciting testimony on cross-examination about specific instances of that witness's conduct or another witness's conduct if the conduct is probative of the relevant witness's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). But if the witness denies or cannot recall the conduct, the party cannot use extrinsic evidence to prove the conduct. *Id.*

One exception to the general rule that extrinsic evidence of conduct cannot be used to attack a witness's character for truthfulness is found in Rule 609. Rule 609

permits impeachment by evidence of a criminal conviction. As relevant here, Rule 609 provides:

> [F]or any crime regardless of the punishment, [evidence of a conviction] must be admitted [to prove a witness's character for untruthfulness] if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

Fed. R. Evid. 609(a)(2). If a conviction falls within that provision, the court does not have discretion to exclude the evidence. *United States v. Lester*, 749 F.2d 1288, 1300 (9th Cir. 1984).

In *United States v. Brackeen*, 969 F.2d 827 (9th Cir. 1992) (en banc) (per curiam), the Ninth Circuit held that Rule 609(a)(2) applies only to crimes that "factually or by definition involve some element of misrepresentation or deceit." 969 F.2d at 831. Thus, a witness's prior conviction can be admitted under Rule 609(a)(2) in two ways: (1) if the definition of the offense demonstrates that the offense always involves misrepresentation or deceit, in which case the offense is considered a per se crime of dishonesty; or (2) if the crime "was actually committed by fraudulent or deceitful means." *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982). In the latter case, the proponent of the conviction "has the burden of producing facts demonstrating that the particular conviction involved fraud or deceit." *Id.*

## DISCUSSION

The parties' arguments raise three issues, which the Court will address in turn: (1) whether first-degree official misconduct, by definition, involves a false statement or deceit; (2) whether Berge's conviction for first-degree official misconduct

was actually committed by fraudulent or deceitful means; and (3) whether Berge's conviction is admissible for some other purpose.

I. *Does First-Degree Official Misconduct Under ORS 162.415 Involve an Element of Misrepresentation or Deceit?*

The first issue before the Court is whether first-degree official misconduct under ORS 162.415(1) is "by definition" a crime of "dishonesty" under Rule 609, regardless of the means by which it is perpetrated. As mentioned, such a crime must involve some element of misrepresentation or deceit.

The Advisory Committee's Notes to the 2006 Amendments to Rule 609 provides further guidance. In the notes, the Advisory Committee explains that Congress intended to limit subdivision (a)(2) to convictions for "crimes such as perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some bearing on the witness's propensity to testify truthfully." Fed. R. Evid. 609 Advisory Committee's Notes (quotations omitted and alterations normalized). The Notes also explain that "[h]istorically, offenses classified as *criminal falsi* have included only those crimes in which the *ultimate criminal act was itself an act of deceit.*" *Id.* (emphasis added).

Accordingly, the Court will look first to the elements of first-degree criminal misconduct. The conduct prohibited by ORS 162.415(1) includes, as relevant here, "perform[ing] an act constituting an unauthorized exercise in official duties[.]" ORS 162.415(1)(a)(B). The Oregon Supreme Court has interpreted that provision to "forbid unauthorized acts by officials in the course of exercising their official functions." *State v. Florea*, 296 Or. 500, 503 (1984) (emphasis omitted). Thus, to

support a conviction for first-degree official misconduct, ORS 162.415(1)(a)(B), the only *act* that the state needs to prove, or the defendant needs to admit to, is an "unauthorized act" done in the defendant's official capacity. That unauthorized act could, but does not have to be, deceitful.[1]

Plaintiffs argue that official misconduct is a "dishonest act" within the meaning of 609(a)(2) because abusing the power and authority of a government office for one's own benefit is, "by its nature, a dishonest act." The Court agrees that official misconduct could be considered "dishonest" in a broad sense, but this is precisely the broad meaning of the term "dishonesty" – "breach of trust, a lack of probity or integrity in principle, lack of fairness, or a disposition to betray" – which the Ninth Circuit rejected in *Brakeen* in favor of the narrower meaning "defraud or deceive". 969 F.2d at 829-30 (quotations omitted and alterations normalized).

The Court will not depart from Ninth Circuit's approach here. The Ninth Circuit's focus on crimes committed by deceit or false statements is consistent with the Conference Committee's intent that subdivision (a)(2) apply to crimes "bearing on a witness's propensity to testify truthfully," rather than on crimes probative of a witness's credibility generally. Fed. R. Evid. 609 Advisory Committee's Notes. As the Rules Advisory Committee explains, the 2006 amendment to subdivision (a)(2)

---

[1] Public servants in Oregon have committed an "unauthorized exercise in official duties" by, for example, seeking sexual gratification from a citizen while on duty as a law enforcement officer, *State v. Gove*, 128, Or. App. 239 (1994), *State v. Moffitt*, 104 Or. App. 340 (1990); appropriating evidence or state property for personal or another's use, *State v. Florea*, 296 Or. 500 (1984), *State v. Rodda*, 56 Or. App. 580 (1982); asking police officials for "professional courtesy" to reduce or dismiss a charge against the public servant's romantic partner while serving as District Attorney, *In re Leonhardt*, 324 Or. 498, 505 (1997); working a private job while on duty as a Sheriff's Deputy, *State v. Barker*, 140 Or. App. 82 (1996); asking employees to perform a personal service on county time while serving as District Attorney, *State v. Gortmaker*, 60 Or. App. 723 (1982).

substituted "the term 'character for truthfulness' for the term 'credibility'" to recognize that the rule's application is limited to impeachment by evidence of a witness's character for untruthfulness. *Id.* Although the fact that a witness has engaged in an "unauthorized act" while on duty might suggest that the witness has been willing to breach the public's trust in the past, the Court cannot say that the same fact is highly probative of the witness's willingness to lie on the stand under oath.

II.   *Was Berge's Crime Actually Committed by Fraudulent or Deceitful Means?*

Next the Court considers whether Berge committed first-degree official misconduct by fraudulent or deceitful means. Although the parties did not brief this issue, at oral argument, the City provided documents related to the criminal investigation against Berge to the Court for *in camera* review. The City noted that plaintiffs did not attempt to obtain these documents in discovery.

> The Rules Advisory Committee advises that the 2006 amendment to Rule 609
>
> provides that Rule 609(a)(2) mandates the admission of evidence of a conviction only when the conviction required proof of (or in the case of a guilty plea, the admission of) an act of dishonesty or false statement. Evidence of all other convictions is inadmissible under this subsection, *irrespective of whether the witness exhibited dishonesty or made a false statement in the process of the commission of the crime of conviction.* Thus, evidence that a witness was convicted for a crime of violence, such as murder, is not admissible under Rule 609(a)(2), even if the witness acted deceitfully in the course of committing the crime.

Fed. R. Evid. 609 Advisory Committee's Notes (emphasis added). By contrast, "evidence that a witness was convicted of making a false claim to a federal agent is admissible under" Rule 609(a)(2) "regardless of whether the crime was charged under

a section that expressly references deceit (e.g., 18 U.S.C. § 1001, Material Misrepresentation to the Federal Government) or a section that does not (e.g., 18 U.S.C. § 1503, Obstruction of Justice)." *Id.* Having reviewed the materials provided by the City, the Court concludes that they do not demonstrate that the "unauthorized act" to which Berge admitted was an act of dishonesty or false statement.

Plaintiffs also reviewed the materials and informed the Court that it appears that the City did not provide the full record, as the page numbers to one of the reports suggests that the report is 200 pages long, but the City provided only 29 pages. That does not change the Court's conclusion, because plaintiffs bear the burden to show that a crime was actually committed by fraudulent or deceitful means. *Glenn*, 667 F.2d at 1273.

III. *Should evidence of Berge's Conviction and the Reasons for his Resignation be Excluded?*

Finally, the Court considers whether the evidence should be excluded. Based on the analysis above, Berge's 2017 conviction for first-degree official misconduct is not admissible to attack his character for truthfulness under Rule 609(a)(2) and, because Berge's resignation was a condition of his conviction, the Court accepts plaintiffs' concession that evidence of the reasons for the resignation are not admissible under Rule 609 either. To the extent that defendants seek exclusion of the conviction and reasons for resignation for this purpose, their motion is granted.

The Court cannot at this time, however, exclude evidence of Berge's conviction and the reasons for his resignation for any other purpose. *See* Fed. R. Evid. 609 Advisory Committee's Notes ("The limitations of Rule 609 are not applicable if a

conviction is admitted for a purpose other than to prove the witness's character for untruthfulness."). The evidence's relevance, probative value, and risk of unfair prejudice, confusion, or delay will depend on the purpose for which the evidence is offered at trial, if it is offered at all. For example, depending on the testimony at trial, Berge's conviction or testimony about his resignation could be offered to contradict a witness's testimony regarding a material issue, *see United States v. Lopez*, 979 F.2d 1024, 1033-34 (5th Cir. 1992); or, his guilty plea could be offered as evidence of a prior inconsistent statement, *see United States v. Denetclaw*, 96 F.3d 454, 458 (10th Cir. 1996). In addition, the fact of Berge's resignation remains admissible.

## CONCLUSION

For the reasons above, defendants' motions (docs. 78, 81) are GRANTED in part and DENIED in part. Evidence of defendant Berge's conviction for first-degree official misconduct, ORS 162.415(1), and of the reasons for his resignation from Portland Police Bureau is not admissible to attack his character for truthfulness under Rule 609(a)(2). The Court defers ruling on the admissibility of the conviction and reasons for the resignation for all other purposes.

IT IS SO ORDERED.

Dated this 8th day of December 2019.

_____
ANN AIKEN
United States District Judge